UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THEODORA ANTAR, | ) |
| *Petitioner*, | ) ) CASE NO. 3:25-cv-582 |
| v. | ) ) |
| MATTHEW LODICE ET AL., | ) ) |
| *Respondents*. | ) |

**ORDER DENYING HABEAS RELIEF AND CAUTIONING PETITIONER THAT RELITIGATION OF THESE ISSUES MAY RESULT IN PLACEMENT ON PROHIBITED FILERS LIST IN THE DISTRICT OF CONNECTICUT**

Theodora Antar ("Petitioner") filed an "emergency petition for a writ of habeas corpus" pursuant to 28 U.S.C. § 2241. Through her petition, she seeks to vacate and prohibit the enforcement of several state court orders and requests that this court issue an order granting her custody of her minor children. The petitioner's request is **DENIED**.

I.  **Petitioner's Habeas Petition**

This action arises from the petitioner's displeasure with orders issued by the Superior Court of Connecticut's Family Division. Those orders awarded sole custody of her minor children to their father. The petitioner appealed those rulings, but her appeals were unsuccessful.[1] Now, Petitioner seeks aid from this court to correct what she perceives as a manifest injustice.

Federal habeas corpus relief is not available to challenge the constitutionality of a state child custody determination. *Lehman v. Lycoming County Children's Services*

---

[1] *See, e.g., Antar, Theodora V. Lodice, Matthew et al.*, No. NNH-FA23-6138199-S, Dkt. Entry No. 113.00 (Oct. 15, 2024) (noting that the Appellate Court had affirmed the trial court's judgment of dismissal).

1

*Agency*, 458 U.S. 502, 515-516 (1982) (holding that the federal writ of habeas corpus does not confer federal jurisdiction over child custody decisions); *Middleton v. Att'ys Gen. of State of N.Y. & Penn.*, 396 F.3d 207, 209 (2d Cir. 2005) ("the federal courts do not have jurisdiction to review by means of a habeas application a state court's child-custody determination"); *see also Davis v. Baldwin*, 594 Fed. Appx. 49, 50 (2d Cir. 2015) (summary order).  Indeed, in the 143 years after passage of the statute in 1867, courts have refused to apply the writ in child custody cases.  *See Lehman*, 458 U.S. 511 n. 14.

That Petitioner chose to file pursuant to U.S.C. § 2241, as opposed to U.S.C. § 2254, does not alter the analysis.  *See United States ex rel. Mueller v. Missouri Div'n of Family Servs.*, 123 F. 3d 1021 (8th Cir. 1997) (applying *Lehman* to a habeas petition brought under section 2241 and holding that jurisdiction did not exist challenge state agency's custody of child while child custody dispute was pending); *Jones-Bey v. Chen*, No. 21-cv-6142 (LTS), 2021 U.S. Dist. LEXIS 177536, 2021 WL 4255056 (S.D.N.Y. Sept. 17, 2021); *York v. Virginia*, No. 7:12-cv-0019, 2012 U.S. Dist. LEXIS 7421, 2012 WL 178357, at *1 (W.D. Va. Jan. 23, 2012) ("Under *Lehman* . . . children in foster care are not in the 'custody' of the state within the meaning of §§ 2241 or 2254"); *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying the § 2254 rules to a § 2241 proceeding).  Therefore, the court does not have jurisdiction and denies her petition.

But even if that were not the case and the court construed this pro se Petitioner's claims under another statute, the *Rooker-Feldman* doctrine would apply.  The *Rooker-Feldman* doctrine bars a party "from seeking what is in substance appellate review of the state judgment in federal district court based on the party's claim that the state judgment

violates his or her federal rights." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-15 (1923). Courts may raise *Rooker-Feldman sua sponte* and apply a four-part test and consider whether: (1) the petitioner lost in state court; (2) the petitioner complains of injuries caused by a state-court ruling; (3) the petitioner invites a district court to review and reject the state court judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced. *Hunter v. McMahon*, 75 F.4th 62, 68 (2d Cir. 2023). These four requirements are clearly met in this case.

## II. Placement on Frivolous Filers List

This court has had numerous occasions to become acquainted with Petitioner's submissions. In numerous cases presented to the undersigned, Petitioner repeatedly has tried to remove state criminal proceedings without legal basis,[2] sought mandamus review of those criminal actions,[3] and appealed an order dismissing her bankruptcy case.[4]

Before other judges here in the District of Connecticut, Petitioner persistently has sought review of state court judgments concerning the custody of her minor children.[5] In her Third Amended Complaint of one case, she named approximately 437 defendants –

---

[2] *See* 3:25-cr-00045 (OAW); 3:23-cv-1178 (OAW). The corresponding state dockets are A22M-CR23-0191150-T (Class A misdemeanor for making a false statement; Class C misdemeanor for disorderly conduct) and A22M-CR23-0124387-S (Class D felony violation of protective order). All charges remain pending.
[3] *See* 3:24-cv-01432 (OAW). The court notes many of the allegations underlying Petitioner's mandamus petition were nearly identical to those here. Further, by Petitioner's own mandamus filing, she appears to link her ongoing criminal actions with her custodial dispute. *See* 24-cv-01432, ECF No. 1, pg. 2.
[4] *See* 3:24-cv-01943 (OAW). Ultimately, the appeal was dismissed because Petitioner (in those proceedings, the appellant) failed to take any meaningful action in pursuit of her claims.
[5] *See* 3:23-cv-00983 (JAM), ECF No. 15; 3:23-cv-00984 (JAM), ECF No. 14; 3:23-cv-00985 (JAM), ECF No. 14; 3:23-cv-00986 (JAM), ECF No. 14; 3:23-cv-01021 (JAM), ECF No. 1 (seeking a temporary restraining order); 3:24-cv-00264 (MPS), ECF No. 1; and 3:24-cv-00269 (MPS), ECF No. 1

many without substantive allegations.[6] In another recent case, she sought to sue members of this court, including the undersigned, together with the former President of the United States, Joe Biden.[7] The petitioner also has sought appellate review of this court's orders approximately fourteen times.[8]

All told, Petitioner has filed approximately twenty actions in federal and state courts seeking to relitigate the same arguments, often with cosmetic alterations to disguise their repetitive nature. These repetitive filings have imposed significant financial burdens on both public and private parties alike. For example, in one case approximately 30 motions to dismiss were filed totaling approximately 500 pages. Even under conservative estimates, her lawsuit may well have cumulatively cost $50,000 to defend.[9] The cost borne by the court is harder to estimate, but it is certainly a significant sum in and of itself. Given these costs, it may well have been expected that the State of Connecticut's judiciary placed filing restrictions on Petitioner, and she may now only file with leave of the court. *See* ECF No. 1, pg. 6.

This order serves as a warning to the petitioner that this court ***will*** follow the approach taken by the state court in stemming the tide of frivolous litigation should Petitioner attempt to relitigate issues already reviewed and decided several times over. In such a circumstance, Petitioner may be added to the District of Connecticut's prohibited filers list, and this court also may invoke its inherent authority to issue sanctions, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), in a manner consistent with

---

[6] *See* 3:23-cv-01337 (MPS), ECF No. 471.
[7] *See* 3:24-cv-00303 (VDO), ECF No. 1.
[8] *See* Nos. 24-711; 24-712; 24-783; 24-788; 24-795; 24-796; 24-798; 24-910; 24-3155; 24-3179; 24-3184; 24-3245; 24-3277; and 25-598.
[9] If counsel charges $200 per hour and about half an hour to write each page of their memorandum (factoring in time to review the complaint).

the calculations articulated within this opinion. This admonition applies whether the case is filed in this District, transferred to this District by another district court, or removed from state court.

III. **CONCLUSION**

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. The writ is DENIED.
2. The court hereby cautions Petitioner that further attempts to relitigate these matters may results in:
   a. Placement on the District's prohibited filers list, thereby requiring pre-filing review and approval before any future submission to this court will be accepted, and
   b. Monetary sanctions.

**IT IS SO ORDERED** in Hartford, Connecticut, this 19th day of May, 2025.

                                                                     */s/*
                                        OMAR A. WILLIAMS
                                        UNITED STATES DISTRICT JUDGE